IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WILLIE HERMAN WILLIAMS, *et al.*,<br>*Plaintiff(s)*<br><br>v.<br><br>BOSTON OLD COLONY INSURANCE<br>COMPANY,<br>*Defendant(s)* | CIVIL ACTION NO. H-02-4296 |

## OPINION AND ORDER

Pending before the Court are Defendant's Motion to Exclude or Limit the Expert Opinions of Mike Andrews (Doc. 69) and Motion to Strike Graphic Display of Outputs of Accident Reconstruction Prepared by Plaintiffs' Expert, Mike Andrews (Doc. 70). On 19 April 2005 the Court held a hearing on Defendant's motions. For the reasons set forth below, the Court **ORDERS** that the motions are **GRANTED**. The testimony of Mike Andrews is excluded in its entirety.

### I. BACKGROUND AND RELEVANT FACTS

Plaintiffs Willie Herman Williams and Malissa Williams (collectively, "Williams") filed this suit against Defendant Boston Old Colony Insurance Company ("BOC") in state court in October 2002, asserting claims for underinsured motorist benefits and violations of the Texas Insurance Code.[1] The suit was removed to this Court the next month and, subsequently, Plaintiffs designated Mike Andrews ("Andrews") as an expert witness. In particular, the Williams sought to have Andrews testify as an accident reconstructionist in this action. On 10 February 2005 BOC filed its motions to exclude Andrews's testimony. Plaintiffs responded to BOC's motions, and, as noted above, the Court held a hearing on 19 April 2005.

### II. ANALYSIS

The Court finds that Andrews's motion should be excluded for two independent reasons. First, Andrews's testimony should be stricken as untimely. Second, the Court finds that Andrews's testimony is unreliable and is inadmissible under the standards of *Daubert* and its progeny.

---

[1] *See Plaintiffs' Original Petition* (Doc. 1, Ex. A).

Before expert testimony can be admitted under Federal Rule of Evidence 702, the district court must conduct a preliminary inquiry to ensure that the testimony is both relevant and reliable. *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 147-49 (1999); *Pipitone v. Biomatrix, Inc.,* 288 F.3d 239, 244 (5th Cir.2002). The objective of this gatekeeping requirement "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire,* 526 U.S. at 152. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the Supreme Court set forth an illustrative, non-exhaustive list of factors that may be considered by the district court when determining whether the expert testimony is sufficiently reliable. These factors include whether the theory or technique that forms the basis of the expert's testimony: (1) can be and has been tested; (2) has been subjected to peer review and publication; (3) has a high known or potential rate of error and standards controlling its operation; and (4) is generally accepted within the relevant scientific or technical community. *Id.* at 593-94. "[W]hether *Daubert*'s specific factors are, or are not, reasonable measures of reliability in a particular case is a matter that the law grants the trial judge broad latitude to determine." *Kumho*, 526 U.S. at 153; *Vargas v. Lee*, 317 F.3d 498, 500 (5th Cir. 2003).

Dr. Andrews's report was furnished to Defendant on 22 October 2004, the deadline set by this Court's scheduling order.[2] The report contains scarcely two pages of text. Furthermore, the report contains no opinions or conclusions of any particular use to the jury in resolving any issue in this case. Indeed, the report contains nothing of any substance beyond a regurgitation of the accident report prepared by Trooper Franklin.[3] There is no dispute that the substantive portion of Dr. Andrews's testimony, consisting of (i) a SMAC Collision & Trajectory analysis and (ii) a REC-TEC momentum analysis, was not disclosed in any way until February 2005. Thus, the Court finds that the bulk of Dr. Andrews's testimony is inexcusably untimely. Even assuming Dr. Andrews's proffered testimony was timely, however,

---

[2]Doc. 56.

[3]As Defendant noted at the hearing, Trooper Franklin is not an expert in this case. While Dr. Andrews is entitled to rely on Trooper Franklin's accident report, his mere regurgitation of the contents of that report does not validate its conclusions nor make them scientifically reliable. Furthermore, in any case, there simply are no useful conclusions of any sort in Dr. Andrews's report.

his testimony would nonetheless be inadmissible because the Court finds that his testimony is unreliable under *Daubert* and its progeny. The testimony of Defendant's expert, Dr. Bernicker, established that there is no scientifically reliable basis for the assumptions and methodology utilized by Dr. Andrews in his accident reconstruction analysis. In particular, Dr. Bernicker testified that Dr. Andrews had no scientifically reliable basis for the speed and angle assumptions utilized in his analyses. Plaintiffs failed to provide any evidence to challenge Dr. Bernicker's assertion. Even assuming Dr. Andrews's conclusions had been included in his report, and there is no dispute that they were not, the Court finds that Dr. Andrews's testimony lacks sufficient reliability to be admissible in this case. Accordingly, the motion to exclude Dr. Andrews's testimony is granted.

### III.  CONCLUSION AND ORDER

For the reasons set forth above, the Court **ORDERS** that Defendant's Motion to Exclude or Limit the Expert Opinions of Mike Andrews (Doc. 69) and Motion to Strike Graphic Display of Outputs of Accident Reconstruction Prepared by Plaintiffs' Expert, Mike Andrews (Doc. 70) are **GRANTED**. The parties should immediately confer as to whether there is sufficient evidence for this action to proceed at all. No further continuances are merited in this action and the Court intends to bring this case to a final resolution as soon as possible.

**SO ORDERED** at Houston, Texas, this 20th day of April, 2005.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE